## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

Design Basics, LLC,

        Plaintiff,

    v.                            Case No:

Eldridge Lumberyard, Inc.,
David Jens Fredericksen,
Steven Ray Fredericksen, and
Kathy Fredericksen,

        Defendants.

## *PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT*

NOW COMES the Plaintiff, Design Basics, LLC, by its attorneys, Dana A. LeJune and Michael T. Hopkins, and Mark Liabo, as and for a cause of action against the Defendants, (collectively, "Defendants"), alleges and shows to the Court as follows:

### Jurisdiction and Venue

1.    The Court has subject matter jurisdiction in this action pursuant to 28 USC § 1331 and § 1338(a), as this case arises under the U.S. Copyright Act.

2.    Venue is proper in this Court pursuant to 28 USC § 1400(a), as the Defendants reside and/or maintain a principal place of business in this District.

### Parties

3.    Design Basics LLC ("DB," or "Plaintiff") is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

4.     The Defendant, Eldridge Lumberyard, Inc. ("The Lumberyard") is an Iowa corporation with its principal office located at 110 West Franklin Street, Eldridge, IA 52748, and having as its principal corporate activity the operation of a lumber yard/building center.

5.     The Defendant, David Jens Fredericksen ("DJF"), is an adult individual residing, upon information and belief, at 26826 210TH AVENUE, ELDRIDGE, IA 52748-9552, who, at all times herein material is/was employed as a principal officer of the corporate Defendant.

6.     The Defendant, Steven Ray Fredericksen ("SRF"), is an adult individual residing, upon information and belief, at 28A BRIARWOOD LN, BETTENDORF IA 52722-5404, who, at all times herein material is/was employed as a principal officer of the corporate Defendant.

7.     The Defendant, Kathy Fredericksen ("KF"), is an adult individual residing, upon information and belief, at 318 ELM ST, ATLANTIC, IA 50022-1119, and who is employed as a principal officer of the corporate Defendant.

## Facts

8.     DB is the sole original author and owner of a large number of architectural works, three of which are entitled "Lancaster," "Fairchild," and "Pinehurst."

9.     DB registered its copyright in the work entitled "Lancaster" with the United States Copyright Office on October 11, 1989, and was provided Registration Number VA

371-204 therefor.   A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "Lancaster" is attached hereto as Exhibit "1."

10.    DB registered its copyright in the work entitled "DB 2733 Fairchild" with the United States Copyright Office on December 22, 1992 and was provided Registration Number VA 542-657 therefor.   A copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "Fairchild" is attached hereto as Exhibit 2."

11.    DB registered its copyright in the work entitled "DB 2311 Pinehurst" with the United States Copyright Office on July 3, 1991 and was provided Registration Number VA 462-934 therefor.   A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "Pinehurst" is attached hereto as Exhibit "3."

12.    On March 10, 2013, DB first became aware that The Lumberyard had violated its copyrights in one or more distinct ways.  On that date, in the course of marketing its works to previous customers, DB saw what, on information and belief, were three infringements of its registered works on The Lumberyard's website, www.eldridgelumberyard.com.

13.    DB checked its database to see if any of the Defendants had purchased a license for any of its works, and found that none had.

14.    DB then checked its catalog orders, and found that between January 1992 and February 1998, one or more of the named Defendants had purchased a total of 19 of its plan catalogs, each containing dozens of DB's copyrighted works.

15.     All three of the infringed works were within each of the 19 plan catalogs, but for the one purchased on February 19, 1998.

16.     On information and belief, the Defendants have infringed DB's copyright-protected plans entitled "Lancaster," "Fairchild," and/or "Pinehurst" designs on one or more occasions by, *inter alia*, copying the works, and/or creating one or more derivative works from said plans, for one or more of their customers to construct three dimensional copies, and/or infringing DB's copyrights in one or more of the ways set out in the either counts set forth below.

17.     The illicit acts of the Defendants, described in paragraphs 12 and 13, *supra*, were done without permission or license from DB, in violation of DB's exclusive copyrights in said works.

18.     On information and belief, the Defendants have regularly and systematically infringed DB's copyrights and those of other designers and architects in original architectural works, and have induced others, including individual homeowners, contractors, and other entities and individuals engaged in the business of home building, to infringe DB's copyrights in and to its original architectural works, to the profit of said Defendants, contractors and other home builders, and to DB's detriment.

19.     Each Defendant, jointly and severally, is liable to DB as a contributory copyright infringer for the infringing activity of each and every individual and entity who constructed a three-dimensional copy using drawings prepared by the Defendants which infringed DB's copyright protected architectural works.

20.     Upon information and belief, the Defendants have infringed the copyrights in other original architectural works of DB, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

21.     The conduct of The Lumberyard as described above, was performed and accomplished through the direction, control and conduct of the Defendants, DJF, SRF, and/or KF personally and as owners, managers, principals, directors and/or officers of the corporate Defendant. DJF, SRF, and/or KF had the ability to prevent The Lumberyard from infringing DB' works and/or to stop the infringements once they began. Additionally, DJF, SRF, and/or KF received pecuniary benefit from The Lumberyard's infringements. Accordingly, DJF, SRF, and/or KF are personally liable to DB as joint, vicarious, and/or contributory infringers.

**Causes of Action for Non-Willful Copyright Infringement**
**Count One**

22.     DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

23.     Defendants, without knowledge or intent, infringed DB's copyright in one or more of its works identified and described in paragraphs 9 through 11, *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Plaintiff's works which are as yet undiscovered.

**Count Two**

24.     DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

25.     Defendants, without knowledge or intent, infringed DB's copyright in one or more of its works identified and described in paragraphs 9 through 11, *supra*, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies and/or or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

**Count Three**

26.     DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

27.     Defendants, without knowledge or intent, infringed DB's copyrights in one or more of its works identified and described in paragraphs 9 through 11, *supra*, by distributing unauthorized copies and/or derivatives of DB's works for purpose of creating fully constructed residences, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of its works which are as yet undiscovered.

**Count Four**

28.     DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

29.     Defendants, without knowledge or intent, infringed DB's copyright in one or more of its works identified and described in paragraphs 9 through 11, *supra*, by creating and/or materially contributing to the creation of derivatives of DB's works by inducing others to build one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1) and (2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Alternative Causes of Action for Willful Copyright Infringement
## Count Five

30.     DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 29, *supra*.

31.     Alternatively, Defendants willfully infringed DB's copyright in one or more of its works identified and described in paragraphs 9 through 11, *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Six

32.     DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 29, *supra*.

33.     Alternatively, Defendants willfully infringed DB's copyright in one or more of its works identified and described in paragraphs, 9 through 11, *supra*, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on

information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Seven

34.     DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 29, *supra*.

35.     Alternatively, Defendants willfully infringed DB's copyright in one or more of its works identified and described in paragraphs 9 through 11, *supra*, by distributing unauthorized copies and/or derivatives of DB's works for purpose of creating fully constructed residences, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Eight

36.     DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 29, *supra*.

37.     Alternatively, Defendants willfully infringed DB's copyright in one or more of its works identified and described in paragraphs 9 through 11, *supra*, by creating and/or materially contributing to the creation of derivatives of DB's works by inducing others to build one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1) and (2), and on information and belief, have done so with others of DB's works.

## Violations of DMCA § 1202
## Count Nine

38.     DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 37, *supra*.

39.     Additionally and alternatively, Defendants violated §1202, *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

40.     In creating the construction drawings identified above, said Defendants intentionally removed, and omitted DB's copyright management information from copies of its works.

41.     Said Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without proper authorization.

42.     At the time said Defendants removed DB's copyright management information from copies of its works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, or conceal the infringement of DB's copyrights.

43.     DB is entitled and seek to recover from Defendants statutory damages not exceeding $25,000 for *each* act committed in violation of its rights under 17 U.S.C. §1202.

44.     Pursuant to 17 U.S.C. §1203(b)(5), DB is entitled and seek to recover its reasonable attorney's fees.

WHEREFORE, the Plaintiff, Design Basics, LLC demands that judgment be entered in its favor and against the Defendants, jointly and severally, as follows:

a)      For an accounting by Defendants of their activities in connection with their infringements of DB's copyrights in and to the above-described works, and for others to be uncovered in the discovery process, as well as of the gross profits and revenue attributable to their infringement(s);

b)      For DB's actual damages, in an amount to be determined at trial;

c)      For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, and sale of infringing structures, and all direct and indirect profits derived from the sale of lumber and building materials attributable to the infringing structures, in an amount to be determined at trial;

d)      For the direct and indirect profits of all individuals and entities which Defendants induced to build infringing residences based upon the creation of derivatives by Defendants of Plaintiff's copyright protected works.

e)      In the alternative and at DB's option, post-verdict, DB seeks an award of statutory damages in lieu of actual damages for the infringement of any one or more of its works, described above, in an amount to be determined at trial;

f).      An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

g)      DB's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

h)      For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing DB's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of DB's plans and/or derivatives thereof;

i)      For an order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe DB's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

j)      For an order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; *and*

k)      For such other relief as the Court determines to be just and equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

**CURRIE & LIABO LAW FIRM, P.L.C.**

By:     /S/ Mark E. Liabo
        Mark E. Liabo     AT0004781
        1853 51st Street NE, Suite 1
        Cedar Rapids, IA 52402
        319.826.3781 Phone
        319.774.5638 Facsimile
        Email: mliabo@currieliabo.com

**IP-LITIGATION. US, LLC**

By:     /S/Michael T. Hopkins
        Michael T. Hopkins
        SBN: 1014792
        email: mth@ip-lit.us
        757 N. Broadway, Suite 201
        Milwaukee, WI  53202
        Tel/Fax: 888.227.1655

        and

**LEJUNE LAW FIRM**

By:     */s/Dana A. LeJune*
        Dana A. LeJune
        Texas Bar No.: 12188250
        email: dlejune@triallawyers.net
        6525 Washington Avenue, Suite 300
        Houston, Texas 77007
        713.942.9898 Telephone
        713.942.9899 Facsimile

All Counsel for Plaintiffs